```
                                    FILED
                                August 16, 2010
                            CLERK, U.S. BANKRUPTCY COURT
                            EASTERN DISTRICT OF CALIFORNIA
                                      D30
```

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTE ORDER

**Case Title:** Jill Edythe Pacheco and Craig Anthony Pacheco
**Case No:** 10-91279 - E - 7
**Date:** 8/11/10
**Time:** 10:00

**Matter:** [18] - Motion/Application for Relief from Stay [PPR-1] Filed by Creditor U.S. Bank, N.A. (Fee Paid $150) (mpem)
[18] - Motion/Application for Adequate Protection [PPR-1] Filed by Creditor U.S. Bank, N.A. (mpem)

**Judge:** Ronald H. Sargis
**Courtroom Deputy:** Carlene Walker
**Reporter:** Laura Fowler
**Department:** E

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

## CIVIL MINUTE ORDER

Findings of Fact and Conclusions of Law are stated in the Civil Minutes for the hearing.

The Motion for Relief From the Automatic Stay filed by the creditor having been presented to the court, and upon review of the pleadings, evidence, arguments of counsel, and good cause appearing,

IT IS ORDERED that the automatic stay is terminated and vacated to allow U.S. Bank, N.A., and its agents, representatives, successors, and trustee under the trust deed, and any other beneficiary or trustee, and their respective agents and successors under any other trust deed which is recorded against the property to secure an obligation, to exercise any and all rights arising under the promissory note, trust deed, mortgage, lien, and applicable non-bankruptcy law to conduct a non-judicial foreclosure sale and for the purchaser at any such sale obtain possession of the real property commonly known as 2420 Saint Louis Court, Turlock, California.

IT IS FURTHER ORDERED that because the moving party has established that there is no equity in the property for the Debtors and no value in excess of the amount of the creditors claims as of the commencement of this case, the moving party is not awarded attorneys fees.

IT IS FURTHER ORDERED that to the extent the Motion seeks relief from the automatic stay as to the Debtors, who have been granted a discharge in this case, it is denied as moot pursuant to 11 U.S.C. Section 362(c)(2)(C).

IT IS FURTHER ORDERED that the 14-day stay of enforcement required under Rule 4001(a)(3) is not waived.

No other or additional relief is granted by the court.

Dated: August 15, 2010

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court